■OPINION
By HORNBECK, J.
This is an appeal on questions of law from a judgment of the Common Pleas Court, sustaining the will of Frederick Herman Campbell, deceased, which judgment was entered on a verdict of a jury returned by direction of the trial judge upon motion of the de *302 fendant at the conclusion of plaintiff’s case.
The one error assigned is that the court erred in sustaining the motion for directed verdict.
The test which must be applied to determine the question presented is announced in Hamden Lodge v Ohio Fuel Gas Company, 127 Oh St 469.
“Upon a motion to direct a verdict, the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him. Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence.”
In a will contest case the evidence at the conclusion of the plaintiff’s case is not in the same status as in the ordinary civil action for the reason that by virtue of §12985 GO, it is the obligation of the defendant to offer the will and probate and rest. The plaintiff, then, offers his testimony. §12083 GC provides:
“On the trial of such issue, the order of probate shall be prima facie evidence of the due attestation, execution, and validity of the will or codicil.”
So that, the question presented to the trial judge and to this court is, had the plaintiff, at the time that she rested, offered evidence on the issue made under the statute namely, whether or not the writing produced is the last will of the testator, which in probative effect, undenied and uncontradicted, was sufficient to overcome the prima facie case made by the order of probate.
The plaintiff offered the testimony of four witnesses but clearly no one of them, unless it be the plaintiff herself, testified to any fact of sufficient probative force to carry any issue to the jury.
There was not a scintilla of evidence of undue influence upon the testator.
The plaintiff said that some twelve years before testator’s death he was injured in an accident and rendered unconscious and that thereafter at times he was irritable. This testimony fell far short of the reqisites of a proof that the testator at the time of the making of the questioned writing was mentally incompetent to execute a will. Niemes v Niemes, et al., 97 Oh St 145.
*303 *302 The plaintiff in several places in her testimony stated that the signature, Frederick Herman Campbell, at the end of the will was not the signature of testator. She made this determination on two bases, the first, that Frederick Herman Campbell was never recognized by the testator as his correct name; that he disliked the name, Herman, and would never write it, and that, therefore, when the name, Frederick Herman Campbell, was appended to the will, it was not the signature of Fred H. Campbell, which was the true name of the testator. In fairness to the plaintiff it must be found that secondly, she stated further that the handwriting was not the true signature of the testator. The witness was interrogated whether or not she could say if the words, Frederick and Herman, were not *303 the signature of Mr. Campbell and she stated that she had never seen these words written by him and, therefore, could not express an opinion. This was nob conclusive against her that she could not express any opinion as to the genuineness of the whole signature.
However, it further appeared that the plaintiff, at the time that she signed her petition to contest the will, did not know of any specific reason upon which she made the averment that the instrument was not the last will and testament of Frederick Herman Campbell. Upon being interrogated she replied in effect that she had no reason for such an allegation but 'T am going to find out.” It further appeared that she had not seen the will nor the signature of Mr. Campbell prior to the day of the trial, although, she stated that she was familiar with his signature, that she had seen his handwriting before and would know his signature. There was no elucidation upon this question. It did not appear that she had ever seen him write his name or by what means she knew the genuineness of his signatures. There was nothing but the conclusion of the witness that she was familiar with his signature. Plaintiff was a step-daughter of decedent and had not been in his home for many years prior to his death. Upon this vague qualification the witness testified that the signature to the will was not the true signature of Frederick Herman Campbell.
Upon the conclusion, then, of the plaintiff’s case, could reasonable minds have reached the conclusion that the presumption, arising from the probate of the will of decedent, had been overcome? We believe not. Although in probability, the evidence under the former scintilla rule would have required the submission of the issue to the jury.
The order of probate was the formal determination of the probate judge that the will was duly executed and attested by Frederick Herman Campbell. This order was predicated upon the testimony of two witnesses to the will to the effect, among other things, that the testator subscribed the will in the presence of both of said witnesses. In the light of the order of probate we are satisfied that the testimony on behalf of the plaintiff was entirely too weak to attain to that degree of probative force contemplated as necessary to a submission of her cause to the jury under the Hamden Lodge case, supra.
The trial judge committed no error in instructing a verdict in behalf of the defendant sustaining the will. The judgment will be affirmed.
GEIGER, PJ., & BARNES, J., concur.